# Third District Court of Appeal

## State of Florida

Opinion filed August 5, 2015.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D14-1896
Lower Tribunal No. 13-17279
_____

**Victoria Moreno,**
Appellant,

vs.

**First International Title, Inc.,**
Appellee.

An appeal from the Circuit Court for Miami-Dade County, Jorge E. Cueto, Judge.

Lawrence M. Shoot, for appellant.

Conroy Simberg and Hinda Klein and Elizabeth A. Izquierdo (Hollywood), for appellee.

Before SUAREZ, C.J., and EMAS and LOGUE, JJ.

SUAREZ, C.J.

Victoria Moreno ("Moreno") seeks to reverse a final summary judgment granted in favor of First International Title, Inc. ("FIT"). We affirm.

Moreno purchased property that was encumbered by a variety of liens and code violations. She had a real estate agent, and FIT was the closing agent for the sale. Prior to the closing, Moreno had been supplied with several documents disclosing each of the code violations and liens and indicating the amounts necessary to cure, which amounted to approximately $64,000. On May 4, 2012, Moreno signed a Hold Harmless document and its attached list disclosing each of the violations and lien information relating to the property; the final closing took place on May 24, 2012. At the closing, Moreno, her fiancé, her realtor and another realty company employee were physically present; FIT conducted the closing electronically as the closing agent, consistent with the terms of the purchase and sale agreement. All the documents were provided by FIT to the realtor and to Moreno prior to the closing.

When, months later, Miami-Dade County assessed Moreno for the outstanding violations, she sued FIT alleging, among other claims, that as the escrow closing agent FIT breached its fiduciary duty to clearly communicate the allegedly "latent defects" of additions built without proper permits that affected the value of the house. FIT moved for summary judgment.[1] At the hearing on the motion for summary judgment, Moreno acknowledged that at the closing she was in possession of the Hold Harmless agreement as well as the Certificate of Use, documents that explicitly disclosed the code violations. She admitted that,

---

[1] Litigation continues against the real estate agent and the realty company.

although she does not speak or read English, she signed all of the documents at the closing and made no attempt to have anyone explain the documents to her.

The record does not reflect any facts indicating fraudulent inducement to sign, purposeful or negligent misinformation, or any other action on FIT's part to prevent the buyer from reading the documents and inquiring about the contents. The code violations are clearly set forth. The trial court correctly concluded that Moreno had opportunity to read the documents and failed to read them. The outcome is appropriately governed by All Florida Surety Co. v. Coker, 88 So. 2d 508, 510 (Fla. 1956) ("A party to a written contract cannot defend against its enforcement on the ground that he signed it without reading it, unless he aver facts showing circumstances which prevented his reading the paper, or was induced by the statements of the other parties to desist from reading it. The courts will not ordinarily protect those who with full opportunity to do so will not protect themselves."). See also Alejano v. Hartford Acc. & Indem. Co., 378 So. 2d 104, 105 (Fla. 3d DCA 1979) (holding that a party who signs his name to an instrument cannot deny its contents on the ground that he signed it without reading it unless he shows facts indicating circumstances which prevented his reading it); Merrill, Lynch, Pierce, Fenner & Smith, Inc. v. Benton, 467 So. 2d 311 (Fla. 5th DCA 1985) (concluding that the fact customer could not read English and her allegation that employee of stockbrokerage firm knew that fact and did not read or explain the document to her were insufficient to

3

invalidate the written document and to constitute a legal defense to it, where customer did not allege or testify that stockbrokerage firm prevented her from reading the contract or induced her to refrain from reading it or in any way prevented her from having it read to her by a reliable person of her choice.).

Affirmed.